UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-cv-60402-LEIBOWITZ

BOLTON MANAGEMENT, LLC and
BRETT BOLTON,

    *Plaintiffs*,

v.

YARIEL MARTINEZ and JOHN DOE,

    *Defendants*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Reconsideration Dismissing Plaintiffs' Complaint (the "Reconsideration Motion") [ECF No. 8], filed on February 27, 2026. After careful review, the Reconsideration Motion [**ECF No. 8**] is **GRANTED**.

### I. LEGAL STANDARD

Courts have generally recognized three grounds for reconsidering a court order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Su v. Local 568, Transport Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.") (quoting *United States v. Dean*, 838 F. App'x 470, 471–72 (11th Cir. 2020) (internal quotation marks omitted)); *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citations omitted); *Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1265 (M.D. Fla. 2015). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (applying Rule 59(e) for setting aside a judgment). Simply moving for reconsideration in the hope the court will change its mind, however, is not appropriate. *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] motion for reconsideration serves that limited purpose of correcting manifest errors of law or fact, or in certain circumstances, calling newly discovered evidence to the Court's attention. Thus, the court is most willing to reconsider a prior ruling on an issue in the face of new Eleventh Circuit or Supreme Court authority." *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F. Supp. 671, 678 (N.D. Ga. 1993), *on reconsideration* (Dec. 14, 1993).

**II.     DISCUSSION**

On February 12, 2026, Plaintiffs filed the Complaint. [ECF No. 1]. On February 23, 2026, this Court dismissed this action for lack of subject-matter jurisdiction because Plaintiffs failed to sufficiently plead the citizenship of Plaintiff Bolton Management, LLC. [ECF No. 7]. In the Reconsideration Motion, Plaintiffs argue that the Court should reconsider its February 23, 2026, Order, and allow Plaintiffs to replead because complete diversity of the parties existed (and continues to exist) at the time of the filing of the Complaint. [ECF No. 8 at 2]. The Court agrees with Plaintiffs that reconsideration is appropriate here to correct manifest injustice.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The statute permits amendment only of defective

2

allegations, "not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). "Such defective allegations 'can be corrected at any time pursuant to 28 U.S.C. § 1653.'" *Martinez v. Netflix, Inc.*, No. 20-cv-24328, 2023 WL 4685749, at *2 (S.D. Fla. July 6, 2023) (first citing *Brandenburg v. Bd. of Regents of Univ. Sys. of Ga.*, 518 F. App'x 628, 631 (11th Cir. 2013); then citing *Pinkhasov v. Columbia Debt Recovery, LLC*, No. 20-22784-CIV, 2020 WL 13389818, at *2 (S.D. Fla. Dec. 23, 2020)).

Here, there is no defect in the jurisdictional facts as represented by Plaintiffs. Plaintiffs merely "failed to clearly explain that Dr. Bolton is the sole member of Bolton Mgmt, thus the entity as well as its only member are each domiciled in the State of Florida." [ECF No. 8 at 4]. As such, the interests of justice warrant granting the Reconsideration Motion and allowing Plaintiffs to file an Amended Complaint to cure solely defective allegations. *See Newman-Green*, 490 U.S. at 831.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Reconsideration Motion [**ECF No. 8**] is **GRANTED**. The *Clerk* is **DIRECTED** to **REOPEN** this case. Plaintiffs shall file an Amended Complaint as attached to the Reconsideration Motion [*see* ECF No. 8 at 10–17], **no later than March 6, 2026**.

**DONE AND ORDERED** in the Southern District of Florida on March 4, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record